BETTY BERG, Respondent, *v.* EDWARD J. BERG, Appellant.

Argued October 5, 1942; decided January 21, 1943.

*Bartle Gorman* for appellant. The finding that defendant did fail or refuse reasonably to support and provide for plaintiff is error. (*DeBrauwere* v. *DeBrauwere*, 203 N. Y. 460; *Matter of Sanderson* v. *Sanderson*, 149 Misc. 88; *Williams* v. *Hutchinson*, 3 N. Y. 312; 17 Am. Jur. 229; *Davis* v. *Davis*, 1 Hun, 444; *Reichman* v. *Reichman*, 58 How. Pr. 278.)

*Thayer Burgess* and *John M. Liddy* for respondent. There is no question for review by this court. (*Bernstein* v. *Kritzer*, 253 N. Y. 410.) In any event there is sufficient evidence to sustain the finding that defendant failed and refused to provide for the plaintiff in accordance with his means. (*DeBrauwere* v. *DeBrauwere*, 203 N. Y. 460; *Garlock* v. *Garlock*, 279 N. Y. 337.) The court would also have been justified in finding that the defendant was guilty of cruel and inhuman treatment. (*Jury* v. *Jury*, 275 N. Y. S. 586; *Fisher* v. *Fisher*, 223 App. Div. 19; 250 N. Y. 313; *Pearson* v. *Pearson*, 230 N. Y. 141; *Fleischer* v. *Fleischer*, 224 App. Div. 46; *Tower* v. *Tower*, 134 App. Div. 670; *Heylmun* v. *Heylmun*, 119 Misc. 113.)

CONWAY, J. Plaintiff sought a decree of separation from the defendant, based upon allegations (1) of cruel and inhuman treatment and conduct and (2) that the defendant failed to furnish suitable support for her. The defendant counterclaimed for a separation upon the ground that, without cause, plaintiff abandoned him.

The parties were married in 1935 when the plaintiff was thirty-six and the defendant fifty-one years of age. Each of them had three children. Plaintiff had divorced her first husband. Defendant had been a widower for some years. He was an architect with a diminished income. So the parties began housekeeping together in the defendant's home and plaintiff brought into that home her three children. The defendant's two older sons were already there.

Plaintiff claimed that she could not get along with one of the children and constantly called the defendant's attention to his son's alleged conduct. That naturally led to bickering. In view of the memorandum of the trial court and the testimony, we may well assume that the alleged conduct was but imagined by plaintiff. She said she left the home because she could not stand her husband's " tantrums " any more and because his two sons were disagreeable. On the night before her departure, she and defendant had occupied the same room. She was there when he and his two sons left the house in the morning. When they returned in the evening, she had gone.

In support of her second claim she said that the defendant had failed to provide for her support and that she had had to borrow

money to pay for necessaries for herself and children and for running the household. She said she furnished most of the furniture and furnishings but later admitted that she had but supplemented some of the furnishings with some household furniture she owned. She testified on direct examination that before their marriage defendant had borrowed $100 to go on their honeymoon and had never returned it. On cross-examination she admitted that on the back of a check for $100 dated eleven days after their marriage and drawn by defendant to her, there appeared her endorsement. She said she never remembered seeing it but supposed it must have been in repayment.

The defendant, testifying in his own behalf, introduced in evidence a statement of the moneys which he had given plaintiff to run the household during their married life. The statement was in plaintiff's own handwriting. It had been given to defendant sometime in January, 1938. Plaintiff said that it contained the approximate amount used for the house but that some of the money had been given to her by her family. She admitted, however, that she had had $125 a month for two and one-quarter years. Defendant testified that he did not know whether or not the statement was accurate since he had kept no account himself but he assumed that it was correct. It showed a total amount for twenty-seven months of $3,456.75, an average of $128 a month. For November and December, 1935 the average was $133 per month; for the year 1936 it showed an average of $150 a month; for the year 1937 an average of $105 a month. In the month of January, 1938, the plaintiff left defendant's home. In that month up until the time of her going, the amount given her was $58. In addition defendant paid for taxes, insurance, light and fuel.

Defendant produced his income tax returns. They showed that his net income for the years 1936 and 1937 was less than the amounts he had given plaintiff for that same period.

The trial court found that defendant had not treated plaintiff in a cruel and inhuman manner and that his conduct had not been such as rendered it unsafe and improper for plaintiff to cohabit with him. The court found that plaintiff justifiably and with good cause separated from defendant solely upon the ground that he had failed to support and provide for her " in accordance with his means and the situation of the parties."

That was not the reason the plaintiff gave while testifying as the reason for her leaving and there is no evidence in the record that the plaintiff ever directly told defendant that he was failing to provide for the household adequately. That this was clear to the trial court is evident from that portion of his memorandum which reads as follows: " The plaintiff had no part in the accumulation of the frozen assets [mortgaged real estate] which constitute defendant's wealth. She did not make it clear to defendant that lack of funds was the impelling motive which moved her to separate from him. Had she done so in a firm clear-cut way, it may well be that mutual good faith of the parties would have found a way to avoid the separation."

There is no evidence to show that defendant ever directly refused the plaintiff money, food or clothing. On the contrary, for instance, plaintiff admitted that a week or two before she abandoned defendant she, at his request, had gone to a dress shop and " bought quite a supply of dress goods." From the record it appears that defendant thought he was doing his part in accordance with his income. There is no evidence in the record to show that any other member of the family either among the children of plaintiff or defendant complained at any time of not receiving enough to eat or of being inadequately clothed or housed. That defendant failed to supply adequate support for his family is not sustained by any evidence. Defendant's counterclaim for a separation upon the ground that plaintiff had unjustifiably abandoned him should not have been dismissed.

The judgments should be reversed and a new trial granted, without costs.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, LEWIS and DESMOND, JJ., concur.

Judgments reversed, etc.